DeGrasse, J.,
dissents in a memorandum as follows: I dissent because it was an abuse of discretion for the trial court to have set aside the jury’s verdict on the ground that it was “inconsistent.” This case involves a collision in an intersection between a livery car that was operated by defendant Francisco Carrero and another car that was operated by defendant Derek Gonzalez. Carrero, the only witness at trial, testified that Gonzalez’s approach into the intersection was regulated by a stop sign and Carrero’s approach was not regulated by any traffic control device. Carrero also testified that Gonzalez did not stop at the stop sign. Nonetheless, the jury found that Gonzalez was not negligent. The jury also found that Carrero was negligent but that his negligence was not a proximate cause of the accident. In setting aside the verdict, the court opined that a rational jury could not have consistently determined that negligence on Carrero’s part was not a proximate cause of the accident.
“As a general proposition, a finding of negligence is not inconsistent with a finding of no proximate cause” (Pimpinella v McSwegan, 213 AD2d 232, 233 [1st Dept 1995], citing Palsgraf v Long Is. R.R. Co., 248 NY 339 [1928]). This seems to be *498 particularly true in cases involving motor vehicle collisions (see e.g. McCulley v Sandwick, 43 AD3d 624 [3d Dept 2007], appeal dismissed 9 NY3d 976 [2007]; Skowronski v Mordino, 4 AD3d 782 [4th Dept 2004]; Inserro v Rochester Drug Coop., 258 AD2d 923 [4th Dept 1999]; see also Martinez v New York City Tr. Auth., 41 AD3d 174 [1st Dept 2007]).
A contention that a jury verdict is inconsistent must be reviewed in the context of the trial court’s charge, a matter the majority does not address (Lundgren v McColgin, 96 AD2d 706 [4th Dept 1983]; see also Mars Assoc. v New York City Educ. Constr. Fund, 126 AD2d 178, 188 [1st Dept 1987], lv dismissed 70 NY2d 747 [1987]). Here, there is a rational basis for the jury’s finding that the negligence attributed to Carrero was not a proximate cause of the accident. The jury was charged that under the Vehicle and Traffic Law, Gonzalez, the driver of the vehicle that approached the stop sign, was obligated to stop and yield the right of way to vehicles on the dominant roadway, i.e., Carrero’s. The court also charged the jury that Carrero had the right to assume that Gonzalez would comply with the applicable provisions of the Vehicle and Traffic Law. Regardless of its finding that Gonzalez was not negligent, the jury could have rationally concluded that the accident would not have occurred had he yielded the right of way as he was required and expected to do. That would be a reasonable view of the evidence sufficient to support the jury’s verdict particularly because Gonzalez did not testify in person or by deposition. Where “an apparently inconsistent or illogical verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view” (Skowronski v Mordino, 4 AD3d at 783 [internal quotation marks omitted]). Here, the presumption has not been rebutted. As a result, although required to, the majority does not give due deference to the jury’s role as fact-finder (see DaBiere v Craig, 284 AD2d 885 [3d Dept 2001]). Since a valid line of reasoning supports the jury’s verdict and it is supported by a fair interpretation of the evidence, I would reverse the order entered below and reinstate the jury’s verdict (see Rivera v 4064 Realty Co., 17 AD3d 201, 203 [1st Dept 2005], lv denied 5 NY3d 713 [2005]).